**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**

**SEP 18 2012**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

|  |  |
|---|---|
| NIAMKE KEYS, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY | ) ) ) |
| Defendant. | ) ) ) |

01-cv-2619 (RCL)
Appeal No. 11-7011

## MEMORANDUM AND ORDER

This matter comes before the Court on the Motion [182] of plaintiff Keys for (1) Production of the Audio Tape Recording of the Keys' Re-Direct Examination of the Trial Proceedings and, (2) That Such Audio Tape of Keys' Re-Direct be Made a Part of the Record on Appeal.

Counsel claims that the completed transcript "contains material errors and omissions regarding the District Court's questioning of Keys during her re-direct examination[.]" Pls.' Mot. for Prodc. 2, July 24, 2012, ECF No. 182. Counsel argues that the audio tape recording is "necessary because material matters regarding the re-direct questioning of Appellant Keys by the District Court are omitted from or misstated in the record by error or accident." *Id.* at 2 (formatting omitted).

Under Judicial Conference policy, back-up tapes made by court reporters for their own convenience and not otherwise required by 28 U.S.C. § 753 are the personal property of the court reporters, and there is no public entitlement to their recordings—with certain exceptions

applicable only in criminal cases. *See* GUIDE TO JUDICIARY POLICIES AND PROCEDURES, COURT REPORTERS' MANUAL § 16.5.4

The court reporter here has listened to the back-up tapes, and stands by her certificate of accuracy as to the re-direct examination of plaintiff Keys. At the Court's request, however, she is willing to play the back-up tapes of this re-direct examination in the presence of counsel for plaintiff Keys, along with counsel for defendant, and the Court's Deputy Courtroom Clerk, Robert Elliotte, who will make appropriate arrangements. Any dispute regarding any wording of the transcript of the re-direct examination of plaintiff Keys shall be brought to the undersigned Judge for resolution in open Court.

The Court understands from a motion filed by the plaintiff Keys in the United States Court of Appeals for the District of Columbia Circuit, and transmitted to the undersigned by the Circuit Clerk of Court, that subsequent to the court reporter's July 2012 production of the trial transcript herein, a request was made for the February 23, 2001 motions hearing that occurred before the trial began and before the prospective jury panel entered the courtroom for voir dire. The Court understands that this hearing has now been transcribed and produced to both counsel for defendant and counsel for plaintiff Keys.

To the best of this Court's ability to ascertain and certify the record herein, nothing has been omitted.

The Clerk shall promptly transmit a copy of this Order to the Clerk of the Court of Appeals.

SO ORDERED.

Signed, Royce C. Lamberth, Chief Judge, September 18, 2012

2